In the Matter of the Estate of CORA ELIZABETH SHELDON, Deceased.
Surrogate's Court, Westchester County, June 26, 1936.

*Evarts, Choate, Curtin & Leon* [*Arthur D. Brennan* and *Chester A. Slocum* of counsel], for the trustee, City Bank Farmers Trust Company, formerly The Farmers' Loan and Trust Company.

*Abraham Lillienthal*, for the objectants.

*Jerome A. Peck*, special guardian.

SLATER, S.   The City Bank Farmers Trust Company is accounting as trustee of two trusts created under paragraph fourth of the will of this decedent.

The decedent died January 12, 1917, and her will was admitted to probate on March 2, 1917.   In paragraph fourth of the will the decedent created a trust in the sum of $25,000 in favor of her granddaughter, Cora Sheldon Requa, with the remainder to her lawful issue, and a trust in one-half of the estate, less the aforesaid sum of $25,000, for the benefit of the decedent's daughter, Annie Esleeck Anderson, with the remainder over to her children.   There are certain secondary remainder provisions for each trust which are not of great importance here.

Both of the *cestui que trustents* are still alive. Separate accounts have been filed for each of the said trusts. The life tenants and the remaindermen and the special guardian for the infant remaindermen in each trust have filed separate objections to each of the accounts.

The objections in each case relate to the sale by the trustee on or about July 31, 1930, and August 1, 1930, respectively, of certain securities consisting principally of bonds of various utilities and the purchase by the trustee on or about August 5, 1930, and August 7, 1930, for each trust, of participations in a bond and mortgage of Felix Isman on property located at 99 Nassau street and 135–139 Fulton street, New York city, and the purchase on or about January 21 and 25, 1932, of participations for each trust in a bond and mortgage of Anahma Realty Corporation on property located at 730–734 Fifth avenue and 2 and 4 West Fifty-seventh street, New York city. It is the claim of the objectants that the trustee was negligent and improvident (1) because of the sale of the securities which came into its hands as trustee and the reinvestment of the proceeds in mortgage participations; (2) because of its failure to obtain separate appraisals of each purchase of a mortgage participation; and (3) because of the lack of diversification in investments upon the claim that the participations purchased were too large in comparison with the size of the trust.

Under paragraph sixth of the will the trustee was given discretion to " retain as investments of the trust estate for so long as such Trustees or Trustee may think fit any stocks, bonds or other securities or other personal property or assets belonging to me at the time of my death which may be received from the Executors of this my will as part of the trust estate, although the same may not be of such character as is permitted for investments by trustees by the general rules of law."

I hold that, under the authority thus given, the trustee had discretionary power as to the time when the securities received by it should be sold. In fact, without such direction, the trustee had the right to sell the securities and reinvest in legal securities. As a matter of fact, a profit was derived upon the sale of all the securities excepting two and the two disposed of at a loss were sold for only a few dollars under par value.

As to the first objection, it is conceded that the trustee had authority to invest in mortgage participations. They were legal investments. (Banking Law, § 188, subd. 7; Dec. Est. Law, § 111; Pers. Prop. Law, § 21; *Matter of Flint*, 240 App. Div. 217; affd., 266 N. Y. 607.)

The burden of proof, so far as the legality of the investment is concerned, is dependent upon the facts of the title, value of the mortgaged property, percentage of mortgage to such value, general nature of the mortgaged property, etc., and is upon the objectant. (*Matter of Turner*, 156 Misc. 68, and cases cited.) The objectants have failed to meet this burden. No proof has been offered to support the contention that the investments complained of failed to meet the statute and other necessary requirements.

Another point raised by the objectants is the failure of the trustee to obtain separate appraisals each time it purchased a mortgage participation. The trustee was not required to have new appraisals made each time it purchased a mortgage participation certificate. (*Matter of Young*, 159 Misc. 611; *Matter of Saunders*, N. Y. L. J. May 21, 1934, p. 2468.)

The objectors make a further claim that there was no diversification in investments. There is no law in this State requiring diversification of investments. (*Matter of Young, supra; Matter of Adriance*, 145 Misc. 345, 352; *Matter of Balfe*, 152 id. 739, 755; affd., 245 App. Div. 22.) The size of the mortgage is not a legal ground for objection providing it was legal at the time of its making or of the investment. (*Matter of Young, supra; Matter of Frazer*, 150 Misc. 43.)

The objections are overruled and dismissed.

Submit decree on notice accordingly.